# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| MARK ALLEN COKER,  )  | |
|     Petitioner,  ) | |
| vs.  ) | No. 3:10-CV-2210-N-BH |
| ) | |
| CITY OF RICHARDSON MUNICIPAL  ) | |
| COURT JUDGE, et al.,  ) | |
|     Respondents.  ) | Referred to U.S. Magistrate Judge |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation..

## I. BACKGROUND

In his alleged capacity as "attorney in fact" for Mark Allen Coker ("Coker"), a detainee in the Richardson Municipal Jail, Brady Byrum ("Byrum") signed and filed a *Petition for the Great Writ of Habeas Corpus* on November 3, 2010 (doc. 1). Upon an order from this Court, Byrum filed a *Motion to Proceed as Next Friend for Mark Coker* on December 8, 2010 (doc. 3).

Byrum contends that he should be granted next friend status because: 1) Byrum has been given a power of attorney by Mark Coker to file a habeas petition; 2) Coker is not available in the Dallas area because he travels throughout Texas for work; and 3) Byrum authored the habeas petition. Coker has apparently been released from custody, but Byrum does not know Coker's address, although he believes Coker lives in the Austin, Texas, area. Along with the habeas petition, Byrum submitted a *Limited Power of Attorney* signed by Coker stating that twenty-one people, including Byrum, were granted power of attorney to file petitions for habeas corpus on Coker's behalf. (Pet. at 11-12).

## III.  NEXT FRIEND STATUS

A petition for a writ of habeas corpus must be in writing, "signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242; Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts.  Courts do not automatically grant "next friend" status under § 2242 to anyone that seeks to pursue an action on behalf of a petitioner.  *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

> To represent a party as "next friend" in a habeas action, the party must (1) give an adequate explanation why the real party in interest cannot pursue the action in his own behalf, (2) establish that there is a true dedication to the best interest of the real party in interest, and (3) show a significant relationship with the real party in interest.

*Thorpe v. Eavenson*, No. 3:07-CV-1735-D, 2007 WL 4355441, at *2 (N.D. Tex. Dec. 11, 2007) (accepting recommendation citing *Whitmore*, 495 U.S. at 163-64); *In re Cockrum*, 867 F. Supp. 494-95 (E.D. Tex. 1994).  The next friend has the burden to clearly "establish the propriety of his status" so as to "justify the jurisdiction of the court."  *Whitmore,* 495 U.S. at 164; *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (noting that "the court is without jurisdiction to consider the petition" unless the application sets forth adequate reasons or explanations for granting next friend status).

Byrum has not met the three-prong test set forth in *Whitmore* to establish an adequate basis for granting next friend status.  First, Byrum has not provided any adequate explanation of why Coker cannot pursue this action on his own behalf.  Neither Coker's residence or work schedule, or the fact that Byrum authored the petition, suffice to show why he cannot pursue a habeas action for himself.  Second, Byrum has not even alleged either true dedication to Coker's best interests or a significant relationship with Coker.  Byrum is one of twenty-one people listed on the power of attorney, and a power of attorney alone cannot justify next friend status.  *Weber v. Garza*, 570 F.2d at 514.  Byrum does not even know Coker's current whereabouts or his physical address.  Because

2

Byrum has failed to give an adequate explanation of why Coker cannot pursue the action in his own behalf and has failed to show true dedication to Coker's interests or significant relationship with him, Byrum has failed to meet his burden of establishing the propriety of next friend status.

### III.  RECOMMENDATION

Byrum's motion to proceed as next friend for Mark Coker, filed on December 8, 2010 (doc. 3), should be **DENIED**.  The petition for habeas corpus filed by Byrum should be **DISMISSED** for want of jurisdiction **without prejudice** to Coker filing his own petition.

SIGNED this 20th  day of January, 2011.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE